# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
       **Plaintiff,**

  v.                                    **Case No. 09-CR-20**

**COREY SMITH**
       **Defendant.**

## ORDER

A jury convicted defendant Corey Smith of conspiracy to distribute cocaine and distribution of cocaine, and on January 10, 2012, I sentenced him to 48 months in prison, a sentence significantly below the advisory guideline range of 97-121 months, followed by three years of supervised release. Defendant completed the prison sentence and commenced supervision in January 2014.

On December 2, 2015, defendant filed a motion for early termination of his supervised release. The government responded in opposition, and defendant filed a reply. The matter is ready for decision.

## I.

Under 18 U.S.C. § 3583(e),

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

The statute requires that three elements be satisfied in order to grant early termination: (1) the defendant must have completed at least one year of supervision; (2) the government must have been given notice and an opportunity to be heard; and (3) the court must find that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). See United States v. Medina, 17 F. Supp. 2d 245, 245-46 (S.D.N.Y. 1998). The first two criteria are satisfied in the present case. The issue is whether termination would be in the interest of justice.

The district court possesses wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts have generally concluded that the conduct of the defendant needed to justify termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination. Instead, courts have generally granted early termination only in cases involving some new or unforeseen circumstance, which may include exceptionally good behavior, or where supervision hinders rather than fosters the defendant's rehabilitation. E.g., United States v. White, No. 06-CR-50, 2012 BL 275841, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). The defendant bears the burden of demonstrating that early termination is justified. Id.

**II.**

In his request for early termination, defendant notes that he completed classes in prison and that since his release has complied with all of his conditions, tested negative for drugs, maintained employment, reinstated his driving privileges, reconnected with his family, and married the mother of his youngest child. He further notes that he has been named a shift leader at his job and taken courses to progress in his employment. He concludes by noting

2

that he has become overall a better man, supporting his family, acting as a role model for his daughters, and mentoring other young men at his work.

Defendant's conduct is commendable, but the court expects those on supervision to follow the rules, abstain from drugs, work, and support their dependents. E.g., United States v. Perkins, No. 05-CR-95, 2014 BL 79451, at *2 (E.D. Wis. Mar. 21, 2014); United States v. Kai Vang, No. 10-CR-31, 2013 BL 210229, at *2 (E.D. Wis. Aug. 12, 2013). Defendant makes no claim that any of the conditions of supervision impede his rehabilitation or otherwise unreasonably interfere with pro-social activities. In his reply submission, defendant indicates that he would like to plan vacations without the fear of not being able to attend, but a person on supervision may be granted permission to leave the district with the approval of the supervising probation officer or the court, and defendant does not state that any such requests have been denied in his case.[1]

Review of the § 3553(a) factors also supports continued supervision. As I noted at the original sentencing, the nature of the offense was quite serious. See 18 U.S.C. § 3553(a)(1). The prosecution arose out of the government's investigation of a drug trafficking organization headed by defendant's brother, Lewis Judkins. Assisted by defendant and others, Judkins obtained large amounts of cocaine from Chicago-area sources and distributed it throughout Sheboygan County, Wisconsin. The jury determined that the conspiracy involved more than

---

[1] In his reply, defendant cites the factors probation officers generally consider in identifying offenders for early termination. These considerations generally overlap with the factors the court considers under §§ 3583(e) & 3553(a). Defendant further notes that supervised release is intended to assist offenders in their transition into the community, rather than to punish. As discussed in the following text, I continue to find the three year term I originally imposed sufficient but not greater than necessary to satisfy the goals identified in §§ 3553(a)(2)(B), (C), & (D).

3

5 kilograms of cocaine, and the evidence showed that defendant acted as a trusted lieutenant for Judkins, picking up drugs in Chicago, storing drugs, delivering drugs, and warning Judkins about a possible cooperator; Judkins also made defendant a co-signor on a safety deposit box from which drug proceeds were seized.

As I also discussed at the original sentencing, defendant's background contained positives. He had no prior record, graduated from high school, completed some college, served in the military, and compiled a decent work record. Based in part on these factors, I found a prison sentence below the guideline range, followed by a mid-range term of supervised release, sufficient to protect the public and deter. See 18 U.S.C. § 3553(a)(2)(B) & (C).

On the other hand, defendant owed substantial child support arrears, more than $17,000 at the time he was sentenced. It also appeared that he had significant substance abuse issues; the defense sentencing memo stated that he used cocaine and marijuana on a near daily basis before his arrest (although his drug screens on bond were negative). Given these circumstances, continued supervision is appropriate to ensure that defendant supports his dependents, as he apparently now is, and that he remains drug free. See 18 U.S.C. § 3553(a)(2)(D).

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 257) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of February, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

4

Case 2:09-cr-00020-LA   Filed 02/15/16   Page 4 of 4   Document 267